(No. 2428—

MARIE McCABE, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF JOHN L. McCABE, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1935.*
*Supplemental opinion filed October 14, 1936.*

BRYANT, ROBERTS, HWASS & LEWE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Marie McCabe, individually, and as administratrix of the estate of John L. McCabe, deceased, filed her claim herein on July 6th, 1934 to recover compensation for the death of her husband, John L. McCabe.

For a long time prior to August 12th, 1933 said John L. McCabe was a State highway maintenance patrolman in the employ of the respondent, and his average annual wages were $1,920.00 per annum, payable at the rate of $160.00 per month.

On August 12th, 1933 said John L. McCabe in the course of his duties was driving a motorcycle in a westerly direction upon Roosevelt Road in Chicago, about one and one-half miles east of the County Line Road, and was driving in the west-bound traffic lane of said road. At the same time one Tad Martell, aged 19, was driving a Ford coupe owned by his brother Lumina Martell, in an easterly direction on said road and without any warning, turned directly across the west-bound traffic lane immediately in front of the said John L. McCabe; as a result of which the motorcycle driven by said John L. McCabe collided with the aforementioned Ford coupe and the said John L. McCabe sustained injuries from which he died on the same day.

Neither the driver nor the owner of the Ford coupe is financially responsible and neither of them owns any property out of which a judgment might be satisfied.

There is evidence in the record that actual knowledge of the death of the deceased was had by one T. A. Svoboda, a sergeant of the State Highway Police and superior of said decedent, and a report thereof was given by said sergeant to the proper State officer; also that claim for compensation was made within the time required by Section 24 of the Compensation Act.

This court has held in numerous cases that in the maintenance and policing of its hard-surfaced highways, the respondent is engaged in an extra-hazardous enterprise within the meaning of those words as used in Section 3 of the Workmen's Compensation Act; and the claimant is therefore entitled to

compensation on account of the death of said decedent, under the provisions of such Act.

Said decedent left him surviving the claimant, Marie McCabe, his widow, and no child or children. Under the provisions of Section 7a of the Compensation Act the claimant Marie McCabe, individually, is therefore entitled to receive compensation in the amount of Four Thousand Dollars ($4,000.00) payable in monthly installments in accordance with the provisions of such Act.

Award is therefore entered in favor of the claimant Marie McCabe individually, for the sum of Four Thousand Dollars ($4,000.00), payable in sixty-one (61) monthly installments of Sixty-five Dollars ($65.00) each, commencing on September 13th, 1933, and one final installment of Thirty-five Dollars ($35.00).

Claimant is now entitled to have and receive from the respondent the sum of Seventeen Hundred Fifty-five Dollars ($1,755.00), being the amount of compensation that has accrued from August 13th, 1933 to November 13th, 1935, and the remainder of said award, to wit, Twenty-two Hundred Forty-five Dollars ($2,245.00), will be paid by said respondent in thirty-four (34) monthly installments of Sixty-five Dollars ($65.00) each, commencing on December 13th, 1935, and one final installment of Thirty-five Dollars ($35.00).

This award being for the death of a State employee is subject to the provisions of an Act entitled *"An Act making an appropriation to pay compensation claims of State employees, and providing for the method of payment thereof,"* approved July 2d, 1935.

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval, is payable from the Road Fund in the manner provided by such Act.

SUPPLEMENTAL ORDER.

*Per Curiam:*

This cause now again coming before the court upon a report by claimant, under date of October 8, 1936, of her remarriage on the 16th day of September, 1936, and it appearing to the court that under provision of Section 7 of the Workmen's Compensation Act of this State, any right of the

claimant to receive compensation payments under such Act is extinguished by the remarriage of the claimant;

THEREFORE, it is hereby ordered that the compensation payments heretofore awarded to the claimant in this behalf be and the same are hereby extinguished as of the 16th day of September A. D. 1936.

It is further ordered that a certified copy of this order be forwarded forthwith to the Auditor of Public Accounts, to the Finance Department and to the claimant.